

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. WR-46,346-08

### EX PARTE GREGORY CARRAWAY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS CAUSE NO. 0484547-B IN THE 208TH DISTRICT COURT FROM HARRIS COUNTY

*Per curiam*.

### O R D E R

Applicant was convicted of aggravated robbery and sentenced to forty years' imprisonment. Applicant filed this application for a writ of habeas corpus in the county of conviction, and the district clerk forwarded it to this Court. *See* TEX. CODE CRIM. PROC. art. 11.07.

Applicant contends that he is wrongly being denied release to mandatory supervision and that his parole eligibility is not being calculated correctly for this conviction for a crime that was charged as occurring in April 1987. Applicant has alleged facts that, if true, might entitle him to relief. TEX. CODE CRIM. PROC. art. 42.18 § 8(b), (c) (West 1986). Accordingly, the record should be developed further. The trial court is the appropriate forum for supplemental findings of fact. TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court shall order the Texas Department of Criminal Justice's

Office of the General Counsel to obtain a supplemental response from a person with knowledge of relevant facts. In developing the record, the trial court may use any means set out in Article 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wants to be represented by counsel, the trial court shall appoint counsel to represent him at the hearing. *See* TEX. CODE CRIM. PROC. art. 26.04. If counsel is appointed or retained, the trial court shall immediately notify this Court of counsel's name.

The supplemental response shall explain whether Applicant is eligible for mandatory supervision, given his prior release to mandatory supervision and his offense date. The response shall also state which law applies to the calculation of Applicant's parole and specify how his parole eligibility for this sentence is being calculated.

The trial court shall then determine whether, based on his offense date, Applicant is eligible for mandatory supervision, and whether his parole eligibility is being calculated in accordance with the applicable statute. The trial court may make any other supplemental findings and conclusions that it deems appropriate in response to Applicant's claims.

The trial court shall make supplemental findings of fact and conclusions of law within ninety days from the date of this order. The district clerk shall then immediately forward to this Court the trial court's findings and conclusions and the record developed on remand, including, among other things, affidavits, motions, objections, proposed findings and conclusions, orders, and transcripts from hearings and depositions. *See* TEX. R. APP. P. 73.4(b)(4). Any extensions of time must be requested by the trial court and obtained from this Court.

Filed:   March 11, 2020

Do not publish